## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HOWARD BLAIN DUDLEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. 3:15-CV-1434-D-BK** |
| | § | |
| **JUDGE G. NIELL, et al.,** | § | |
| **Defendants.** | § | |

### AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred

to the United States Magistrate Judge.  On April 30, 2015, Plaintiff filed his *pro se Motion for*

*Injunctive Relief Against Pending Criminal Proceedings and Other Civil Administrative Actions*.

The United States District Court for the Western District of Texas construed the motion as a civil

rights complaint under 42 U.S.C. § 1983 and transferred it to this Court.  Upon review, this case

should be **DISMISSED** *sua sponte* for lack of jurisdiction.

### I.  BACKGROUND

This case stems from Plaintiff's pending state criminal prosecution for tampering with the

evidence in Johnson County, Texas.  Doc. 1 at 7.  A review of state court records reflects three

charges for tampering with the evidence presently pending against Plaintiff.  *See State v. Dudley*,

Nos. F47135, F48907, and F49184 (18th Judicial District Court, Johnson County), docket sheets

available at http://www.texasonlinerecords.com/clerk/index?office_id=3.  Plaintiff is represented

by retained counsel in those cases, which are currently scheduled for jury trial on January 11,

2016.

From what the Court can glean from the *Motion for Injunctive Relief* (it exceeds 60

pages), Plaintiff maintains that his criminal prosecution was brought in bad faith and that the

state court cannot protect his federal rights.  Doc. 1 at 8, 10, 13.  He requests injunctive relief to

enjoin the state criminal cases.  Doc. 1 at 66.  In addition, Plaintiff appears to challenge a

building code violation resulting from administrative proceedings brought by the City of

Cleburne Fire Department.  Doc. 1 at 7, 10.  He seemingly also complains about mandatory

weekly drug testing, which was imposed as a condition of his pretrial release bond.  Doc. 1 at 34,

36.  Lastly, he is attempting to bring claims on behalf of his wife and two of his daughters

stemming from their respective prosecutions for driving while intoxicated (DWI).  Doc. 1 at 53,

55.

On September 16, 2015, more than four months after the filing of this action, Plaintiff

submitted a letter to the undersigned that is difficult to decipher and that attempts to plead other

matters that are wholly unrelated to this action.  Doc. 7.  Plaintiff also requests habeas corpus

relief, contending that Johnson County has again detained him.  Specifically, he requests this

Court to intervene and remove him from state custody because he fears for his life.  Doc. 7 at 1,

6-7.

## II.  ANALYSIS

The Court must first examine the threshold question of whether it has subject matter

jurisdiction in this case.  That is an issue of paramount concern that should be addressed, *sua*

*sponte* if necessary, at any time throughout the proceedings.  *Ruhgras AG v. Marathon Oil Co.,*

*526 U.S. 574, 583 (1999)*; *McDonal v. Abbott Labs.*, *408 F.3d 177, 182* n.5 (5th Cir. 2005) (A

"federal court may raise subject matter jurisdiction *sua sponte*."); FED. R. CIV. P. 12(h)(3) ("If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action.").

A.  State Criminal Prosecution

The *Younger* doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time a federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  Here, Plaintiff seeks to enjoin pending state criminal proceedings against him, which "is precisely the crux of what *Younger* forbids a federal court to do."  *Boyd v. Farrin,* 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam).

For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (*Middlesex Country Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).  Plaintiff's pending state criminal proceedings satisfy the requirements for abstention under *Younger*.  The criminal proceedings are on-going, as noted above, and the state has an important interest in prosecuting state criminal violations.  *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir.1984) ("[t]he state has a strong interest in enforcing its criminal laws."); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir.1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger,* 401 U.S. at 41)).  Moreover, Plaintiff has full opportunity to raise his constitutional challenges in the state trial court, where he is represented by counsel and his trial is scheduled for January 2016.

While Plaintiff maintains the criminal proceedings were brought in bad faith, Doc. 1 at 7-8, 18, 26 he does not present any factual enhancement, apart from conclusory assertions, that the

State of Texas undertook his prosecution in bad faith or with an intent to harass.  *See Perez v.*

*Ledesma,* 401 U.S. 82, 85 (1971); *see also Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).  He

merely contends that there is no evidence against him, that the police omitted facts "containing

information beneficial to" him, that he passed a polygraph test, and that that the grand jury was

illegally impaneled because his newly retained counsel was not present to monitor the

proceedings.  Doc. 1 at 25-28.  Additionally, Plaintiff does not substantiate his conclusory

allegations "that the failure to address his constitutional claims would result in irreparable injury

that is both great and immediate, such that *Younger* should not apply."  *Boyd v. Farrin*, 575 F.

App'x 517, 519 (5th Cir. 2014).

> Indeed in his "plea to the court for justice," he merely states:
>
> 1). Give credence to accepted wisdom and
> 2). Exercise prudent forethought in taking affirmative and right action in this worthy plight for justice,
> 3). Weather allowed for in currently existing common law or by the court setting a new precedent.
> 4). I emplore [sic] the court to exercise its authority and grant to me this injunction and stop this abuse under color of law imposed upon me by The State District Court.
> 5).  For me to have to go back and continue to be subjected to the deprivation of my civil rights would be an endeavor in futility.
> 6).  As an example of this point, I defer to the painfully obvious common sense and profound wisdom existing in this well known and accepted precept that best illustrates the behavior used to identify insanity, (or at least (ignorance) and for the layman (a nim rod)] as doing the same thing over and over and expecting a different result.
> 7). In The Interest of Justice: it is in the interest of justice to bring obvious violations under color of law to an immediate halt.

Doc. 1 at 56-57.

Based on the foregoing, the Court concludes that Plaintiff fails to show that an exception to *Younger* is warranted.  Accordingly, the District Court should abstain from exercising jurisdiction in this case under the *Younger* abstention doctrine.[1]

B.  Building Code Violation

Regarding Plaintiff's apparent attempt to challenge a building code violation brought by the City of Cleburne Fire Department, even if the claim were properly joined, *see* FED. R. CIV. P. 20(a), it does not present a federal cause of action.   Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332.  In addition, the party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper.  *See Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995)*.

Plaintiff's *Motion for Injunction* does not contain any factual allegations to support federal question or diversity jurisdiction with respect to the code violation claim.  Plaintiff only complains the administrative proceedings were brought in bad faith and to harass, and that the complaint was false.  Doc. 1 at 7, 10.  While he also mentions fraud and forgery generally, Doc. 1 at 11, the former arises (when properly pled) only to a state law claim and, again, Plaintiff has not plead the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship.  28 U.S.C. § 1332; *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity

---

[1] Plaintiff mentions in passing 28 U.S.C. § 1443.  Doc. 1 at 60.  However, he has not filed a notice of removal and his pleadings, even when liberally construed, do not evince intent to remove the state criminal proceedings as in his prior action, where Plaintiff filed an actual notice of removal.  *See Dudley v. Hanna, et al.*, No. 3:14-CV-1331-L-BK (N.D. Tex. June 16, 2014) (notice of removal subsequently dismissed for want of prosecution).

jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)

(citation omitted).   Moreover, the violation of any criminal forgery statute does not create a

private right of action.  *See Cort v. Ash*, 422 U.S. 66, 79 (1975), overruled in part by *Touche*

*Ross & Co. v. Redington*, 442 U.S. 560 (1979); *Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the

party seeking to imply a private right of action bears the burden to show that Congress intended

to create one).  Therefore, the claims arising from the building code violation should be

dismissed without prejudice for lack of subject matter jurisdiction.

   C.   Imposition of Mandatory Drug Testing and Habeas Relief

      Next, the Court considers Plaintiff's suggestion of a federal constitutional violation

stemming from the imposition of mandatory weekly drug testing, which he claims is a condition

for his pretrial release bond.  Doc. 1 at 34, 37.  He relies generally on the Fifth and Eighth

Amendments in support.  Doc. 1 at 36-37.  However, a challenge to the reasonableness of a pre-

trial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies.

*See Keith v. Cotton*, No. 3:09-CV-0199-M, 2009 WL 1288417 at *1-2 (N.D. Tex. 2009) (citing

28 U.S.C. § 2241(c) and collecting cases supporting pretrial habeas corpus relief).  Here,

Plaintiff does not assert that he has exhausted his state court remedies by raising an excessive

bail claim via a writ of habeas corpus in the state trial court where his criminal case is pending.

*Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray*,

564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail

prior to trial is by application for writ of habeas corpus)).

      Additionally, insofar as Plaintiff seeks habeas type relief as alleged in his September

2015 letter, his request is not cognizable in a civil rights action under 42 U.S.C. § 1983.  *See*

*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498

(1973)) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

    D.  Claims on Behalf of Other *Pro Se* Litigants

Lastly, Plaintiff improperly raises claims on behalf of his wife and two of his daughters stemming from their own DWI prosecutions and a hair follicle test. *Pro se* litigants cannot sue on behalf of other *pro se* litigants. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written, motion, and other paper shall be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Accordingly, Plaintiff's claims on behalf of his wife and two of his daughters should be dismissed without prejudice to the wife and daughters filing their own respective cases if desired and appropriate.

## III.  CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's claims seeking to enjoin his pending state criminal cases be **DISMISSED WITHOUT PREJUDICE** in accordance with the abstention doctrine in *Younger v. Harris*, *supra*, that the claims challenging the building code violation be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, and that the claims challenging the imposition of mandatory drug testing and seeking habeas relief be **DISMISSED WITHOUT PREJUDICE** to be reasserted in a habeas corpus action.  It is further recommended that any claims brought on behalf of Plaintiff's wife and two of his daughters be

**DISMISSED WITHOUT PREJUDICE** to the wife and daughters filing their own actions if

desired and appropriate.

SIGNED October 9, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided
by law.  Any party who objects to any part of this report and recommendation must file specific
written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);
FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or
recommendation to which objection is made, state the basis for the objection, and specify the
place in the magistrate judge's report and recommendation where the disputed determination is
found.  An objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved
party from appealing the factual findings and legal conclusions of the magistrate judge that are
accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.
United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE